# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELMUTS SKUJA,<br><br>                      Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                      Defendant. | Case No. 13-cv-730-BAS(KSC)<br><br>**ORDER:**<br><br>**(1) ADOPTING IN REPORT AND RECOMMENDATION ITS ENTIRETY;**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND**<br><br>**(3) GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>**[ECF Nos. 21, 16, 17]** |

On March 27, 2013, Plaintiff Helmuts Skuja filed a complaint under Section 405(g) of the Social Security Act, requesting judicial review of Commissioner of the Social Security Administration's final decision denying his claim for disability benefits. Thereafter, the Court referred this matter to United States Magistrate Judge Karen S. Crawford, who issued a Report and Recommendation ("R&R") on July 24, 2014, recommending that this Court: (1) deny Plaintiff's motion for summary

judgment; and (2) grant Defendant Carolyn W. Colvin's cross-motion for summary judgment. The time for filing objections to the R&R expired on August 8, 2014. (R&R 18:27–19:5.) Both parties are represented by counsel, but to date, neither party has filed any objections.

## I. ANALYSIS

The Court reviews *de novo* those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This rule of law is well-established within the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

In this case, the deadline for filing objections was on August 8, 2014, which is fourteen days after Judge Crawford issued the R&R. However, no objections have been filed, and neither party has requested additional time to do so. Consequently, the Court may adopt the R&R on that basis alone. *See Reyna-Tapia*, 328 F.3d at 1121. Nonetheless, having conducted a *de novo* review of the parties' cross-motions for

summary judgment and the R&R, the Court concludes that Judge Crawford's reasoning is sound and accurate in concluding that the administrative law judge's denial of Plaintiff's benefits was supported by substantial evidence and free of legal error. Therefore, the Court hereby approves and **ADOPTS IN ITS ENTIRETY** the R&R. *See* 28 U.S.C. § 636(b)(1).

## II.  CONCLUSION & ORDER

Having reviewed the R&R and there being no objections, the Court **ADOPTS IN ITS ENTIRETY** the R&R (ECF No. 21), **DENIES** Plaintiff's motion for summary judgment (ECF No. 16), and **GRANTS** Defendant's cross-motion for summary judgment (ECF No. 17).

**IT IS SO ORDERED.**

**DATED: August 14, 2014**

**Hon. Cynthia Bashant
United States District Judge**